SCOTT K. WILSON, Federal Public Defender (#7347)
EMILY A. STIRBA, Assistant Federal Public Defender (#17112)
OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ODIN MEACHAM,<br><br>Defendant. | **MOTION TO DISMISS COUNT ONE OF THE INDICTMENT (CIVIL DISORDER)**<br><br>Case No. 1:23-cr-00287<br><br>Hon. John D. Bates |

  Odin Meacham, through undersigned counsel, respectfully asks this Court to dismiss Count One of the Indictment (Civil Disorder, alleging a violation of 18 U.S.C. § 231(a)(3)). This count is unconstitutionally vague and overbroad and must be dismissed.

  Mr. Meacham acknowledges that his argument is identical to that raised and rejected by many district court judges, including this one.[1] Mr. Meacham nonetheless adopts these same arguments in his case and preserves his position for the record.

---

[1] *See, e.g., United States v. McHugh*, 583 F. Supp. 3d 1 (D.D.C. 2022) (JDB); *United States v. Mostofsky*, 579 F. Supp. 3d 9 (D.D.C. 2021) (JEB); *United States v. Dennis*, No. CR 21-679 (JEB), 2022 WL 17475401 (D.D.C. Dec. 6, 2022); *United States v. Williams*, No. CR 21-618 (ABJ), 2022 WL 2237301 (D.D.C. June 22, 2022); *United States v. Bingert*, 605 F. Supp. 3d 111 (D.D.C. 2022) (RCL); *United States v. Nordean*, 579 F. Supp. 3d 28 (D.D.C. 2021) (TJK); *United States v. Sargent*, No. CR 21-258 (TFH), 2022 WL 1124817 (D.D.C. Apr. 14, 2022); *United States v.*

# ARGUMENT

I. **Section 231(a)(3) is Unconstitutional Vague**

A criminal statute is void for vagueness when it (1) "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden," *United States v. Harriss*, 347 U.S. 612, 617 (1954); or (2) "encourages arbitrary and erratic arrests and convictions." *Papachristou v. Jacksonville*, 405 U.S. 156, 162 (1972). For two reasons, § 231(a)(3) is subject to a particularly high level of scrutiny under this test. First, it imposes criminal penalties, and "[c]riminal statutes must be scrutinized with particular care" under the vagueness test. *City of Houston, Tex. v. Hill*, 482 U.S. 451, 459 (1987). Second, it threatens to interfere with First Amendment rights, which means "a more stringent vagueness test should apply." *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 499 (1982).

A. **Section 231(a)(3) fails to provide sufficient notice of prohibited conduct.**

Ordinary citizens are entitled to "be informed as to what the State commands or forbids." *Papachristou*, 405 U.S. at 162 (citing *Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939)). *See also Lanzetta,* 306 U.S. at 453 ("No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids."); *Connally v. Gen. Const. Co.*, 269 U.S. 385, 391 (1926) ("[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.")

---

*Fischer*, No. CR 21-234 (CJN), 2022 WL 782413 (D.D.C. Mar. 15, 2022), *rev'd and remanded on other grounds*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); *United States v. Grider*, 617 F. Supp. 3d 42 (D.D.C. 2022) (CKK).

Here, a person of ordinary intelligence must guess at the meaning of Section 231(a)(3) because it is replete with vague and imprecise terms. The statute provides:

> Whoever commits or attempts to commit ***any act*** to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties ***incident to and during the commission of a civil disorder*** which in any way or degree ***obstructs, delays, or adversely*** affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

18 U.S.C. § 231(a)(3) (emphases added).

The statute suffers from multiple vagueness problems. First, "any act" can include anything from protected free speech and expressive conduct to an egregious assault. Second, there is insufficient guidance to discern what "incident to and during the commission of a civil disorder" means. The statute defines "civil disorder" as:

> Any public disturbance involving acts of violence by assemblages of three or more persons which causes an immediate danger of or results in damage or injury to the property or person of any other individual.

18 U.S.C. §232(1). The statute, however, fails to instruct whether a defendant must have participated in that civil disorder and/or how physically close a defendant must be for the conduct to qualify as "incident to." Lastly, the statute attempts to prohibit conduct that "in any way obstructs, delays, or adversely affects commerce." However, this phrase opens the door for endless subjectivity over (1) what constitutions obstruction and/or delay, (2) what does or does not constitute an "adverse effect," and (3) what is a sufficiently material "[e]ffect upon commerce" to fall within the proscription of the statute.

Unsurprisingly, a South Carolina ordinance with similar language was found unconstitutionally vague in *McCoy v. City of Columbia*, 929 F. Supp. 2d 541, 554 (D.S.C. 2013). That ordinance made it unlawful "for any person to interfere with or molest a police officer." *Id*. Like that ordinance, Section 231 (a)(3) "includes no objective standard to guide the police in

3

determining that conduct constitutes unlawful interference…." *Id*. Because there is no standard to provide such guidance, the statute "authorizes, if not encourages, discriminatory enforcement." *Id*. Similarly, the language of Section 231(a)(3) includes the word "interfere," with no accompanying standard to guide law enforcement about what the word means. Furthermore, the neighboring words in the statute do not make the ambiguous words any clearer; if anything, the other words of the statute increase the confusion.

Section 231(a)(3)'s language requires courts to undertake an indeterminate, "wide-ranging inquiry" that denies defendants fair notice and encourages arbitrary enforcement. *Johnson v. United States*, 576 U.S. 591, 597 (2015). Moreover, it provides no clearly articulated nexus between the act and the "civil disorder." And while Section 232(1) provides a definition of "civil disorder," its definition could apply to virtually any tumultuous public gathering involving more than two people. Because the statute invites the same kind of unwieldy judicial assessment struck down in *Johnson*, Section 231(a)(3) similarly should be held invalid.

**B. Section 231(a)(3)'s reliance on subjective reactions leads to unpredictable violations.**

Section 231(a)(3) also impermissibly requires people to predict how others will react to their conduct. If they fail to predict that reaction accurately, they risk violating the law. For example, in *Coates v. City of Cincinnati*, 402 U.S. 611 (1971), the Supreme Court struck down a statute that criminalized conduct "annoying to persons passing by." *Id*. at 614. The Court reasoned that, while the city was "free to prevent people" from engaging in certain enumerated conduct, such as "blocking sidewalks" or "littering streets," it could not enforce "an ordinance whose violation may entirely depend on whether or not a policeman is annoyed." *Id*. Similarly, in *City of Chicago v. Morales*, 527 U.S. 41 (1999), the Supreme Court invalidated a statute that prohibited loitering "with no apparent purpose." *Id*. at 60. The Court observed that it was "difficult to imagine

how any citizen of the city of Chicago standing in a public place with a group of people would know if he or she had an 'apparent purpose.'" *Id*. at 57.

Here, as in *Coates and Morales*, it is difficult to imagine how an individual could predict the potential consequences of each act he/she commits that is somehow "incident to or during" a "civil disorder." Indeed, Section 231(a)(3) triggers criminal liability whenever the defendant's conduct interferes or impedes with a fireman or police officer performing his official duties. But a gesture, sign, or other act that distracts one officer and makes him/her feel impeded could have no impact at all on another. Moreover, the individual's "act" may be "incident to and during" a civil disorder that he/she is not involved in at all. These subjective standards leave unfettered discretion to police and prosecutors to determine whether a particular individual's conduct violates the law and means that a potential defendant is not provided with fair and sufficient notice of what constitutes unlawful behavior. Due to this lack of predictability and precision, Section 231(a)(3) violates the fair notice requirement and creates a danger of arbitrary enforcement.

### C. Section 231(a)(3) lacks a scienter requirement, which weighs in favor of the law's unconstitutionality.

The Court has repeatedly affirmed that "a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Vill. of Hoffman Ests* at 499. But here there is no such mitigation, because Section 231(a)(3) contains no scienter requirement, thus creating "a trap for those who act in good faith."[2] *United States v. Ragen*, 314 U.S. 513, 524 (1942)). This absence weighs in further favor of the statute's unconstitutionality.

---

[2] Mr. Meacham acknowledges that this Court has rejected this position, holding that Section 231(a)(3) is a specific intent statute requiring an intent to obstruct, impede, or interfere with law enforcement.  *See McHugh*, 583 F. Supp at 24-25.

Here, individuals seeking to exercise their First Amendment rights in political protest must balance several factors. They must consider whether they are sufficiently "incident to" a group of two or more people in a situation amounting to a "civil disorder," whether police or firemen are in the vicinity, and whether "any" of their acts could interfere with "any" police officer's duties, as determined by that officer. If such an individual makes the wrong determination(s), even in good faith, he/she is now subject to criminal liability. To the extent that a scienter requirement is read into the statute, this does not cure the fair notice issue. Instead, it merely leaves police, prosecutors, and judges to decide after the fact whether the statute requires knowledge (and if so, of what) or specific intent (and if so, to do what).

## II. Section 231(a)(3) Is Overbroad Because It Impermissibly Criminalizes Protected Speech under the First Amendment

By enacting a statute with such imprecise language, Congress created "a criminal prohibition of alarming breadth." *United States v. Stevens*, 559 U.S. 460, 474 (2010). "In the First Amendment context, . . . a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *Id*. at 473 (2010) (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008)). In *Hill*, for example, the Court found that an ordinance's sweeping nature was neither "inevitable" nor "essential to maintain public order." 482 U.S. at 464. Because the ordinance was "not narrowly tailored to prohibit only disorderly conduct or fighting words," it wrongly gave police "unfettered discretion to arrest individuals for words or conduct that annoy or offend them." *Id.* at 465.

The plain language of Section 231(a)(3) similarly casts far too wide a net. By expansively encompassing "any act" that could interfere in any way with the duties of a police officer or firefighter during a civil disorder, Section 231(a)(3) is not limited to violent acts or acts that result

in bodily injury or otherwise put persons or property in imminent danger. The broadness of Section 231(a)(3)'s scope would presumably authorize a felony conviction for a bystander who yells at police to desist from an arrest, one who flips off officers to distract or encourage resistance, or one who records police activity with a cell phone. *See Hill*, 482 U.S. at 459 ("[W]e have repeatedly invalidated laws that provide the police with unfettered discretion to arrest individuals for words or conduct that annoy or offend them."); *Glick v. Cunniffe*, 655 F.3d 78, 83 (1st Cir. 2011) ("[T]he First Amendment protects the filming of government officials in public places."). The First Amendment does not permit an unqualified prohibition on "interference" with police duties because "the freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *Hill*, 482 U.S. at 462-463; *see also McCoy*, 929 F. Supp. 2d 541 (invalidating a state statute for overbreadth that made it "unlawful for any person to interfere with or molest a police officer in the lawful discharge of his duties.").

Broad criminal statutes like Section 231(a)(3) "must be scrutinized with particular care." *Hill*, 482 U.S. at 459; *see also Winters v. New York*, 333 U.S. 507, 515 (1948) ("The standards of certainty in statutes punishing for offenses is higher than in those depending primarily upon civil sanction for enforcement."). Criminal laws that "make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid even if they also have legitimate application." *Hill,* 482 U.S. at 459. Such is the case with Section 231(a)(3). The statute fails to weed out those acts with protective expressive content or those that occur in a traditional public forum. Instead, Section 231(a)(3) reaches a substantial amount of constitutionally protected expressive conduct, well in excess of the law's legitimate sweep.

## **CONCLUSION**

7

Section 231(a)(3) is unconstitutionally vague and overbroad. For the reasons set forth above, the Court should dismiss Count One of the Indictment against Mr. Meacham.

Respectfully submitted,

_____/s/_____
EMILY STIRBA
Assistant Federal Public Defender
46 West Broadway Ste. 110
Salt Lake City, UT 84101

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2024, a copy of the foregoing **Motion to Dismiss Count One of the Indictment (Civil Disorder)** was filed with the court via Electronic Case Filing and a were provided to the following parties via email:

>Madison Mumma
>Trial Attorney
>Public Integrity Section Criminal Division
>U.S. Department of Justice
>madison.mumma@usdoj.gov

>/s/ Don Berrett
>Paralegal
>Office of the Federal Public Defender
>District of Utah