UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ODIN MEACHAM,<br><br>Defendant. | Criminal Action No. 23-287 (JDB) |

### MEMORANDUM OPINION & ORDER

Before the Court are defendant Odin Meacham's pre-trial motions to transfer venue, dismiss Count One of the Indictment, and dismiss Counts Five through Seven of the Indictment. For the reasons explained below, the Court will deny all three motions.

### Background

On January 6, 2021, a joint session of Congress convened at the United States Capitol to certify the Electoral College's election of Joseph R. Biden Jr. as the 46th President of the United States. The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police ("USCP"): general restrictions include permanent and temporary security barriers and posts manned by USCP. Crim. Compl. Statement of Facts [ECF No. 1-1] ("SOF") at 1. USCP increased security on January 6, 2021, due in part to Vice President Pence's attendance at the certification proceeding; in addition to the above-mentioned barriers and posts, the exterior plaza of the Capitol was closed to members of the public and USCP was attempting to keep the crowd away from the Capitol building and the proceedings underway inside. Id. at 2.

During the proceeding, a large crowd gathered outside the Capitol and entered the restricted grounds. SOF at 1–2. Members of USCP attempted to maintain order and keep the crowd from entering the Capitol, but at approximately 2:00 p.m., individuals in the crowd forced entry into the

1

Capitol, including by breaking windows and by assaulting USCP officers. Id. at 2. As a result, the joint session and the entire official proceeding of Congress was halted until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials. Id.

The government alleges that Odin Meacham was one of the individuals who forced entry into the Capitol. According to the government, Meacham traveled to D.C. on January 5, 2021 from his home in Utah. Gov't's Omnibus Resp. in Opp'n to Def.'s Mots. [ECF No. 27] ("Opp'n") at 1. By the time he arrived at the Capitol, law enforcement officers were actively attempting to keep the large crowd from entering the building. Id. at 2. Meacham continued to the West Plaza of the Capitol, where the government alleges that he repeatedly used force, or attempted to use force, against USCP officers. Id.; SOF at 4–12.

On August 23, 2023, a grand jury returned an indictment against Meacham on eight counts related to his participation in the January 6, 2021 riot at the U.S. Capitol. Meacham was charged with civil disorder, in violation of 18 U.S.C. § 231(a)(3) (Count One); assaulting, resisting, or impeding certain officers using a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b) (Counts Two and Three); assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a)(1) (Count Four); entering and remaining in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Count Five); disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count Six); engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Count Seven); and act of physical violence in the Capitol

grounds or buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Eight). See Indictment [ECF No. 19] at 2–5.

Meacham has filed three pre-trial motions, seeking (1) to transfer venue outside the District of Columbia, Mot. to Transfer Venue [ECF No. 24] ("Venue Mot."); (2) to dismiss Count One of the Indictment, Mot. to Dismiss Count One of the Indictment [ECF No. 25] ("Mot. to Dismiss I"); and (3) to dismiss Counts Five, Six, and Seven of the Indictment, Mot. to Dismiss Counts Five, Six, and Seven of the Indictment [ECF No. 26] ("Mot. to Dismiss II") (collectively, "Def.'s Mots."). Meacham concedes that the arguments he makes in these motions have already been rejected by this Court and by other judges in this District, but nonetheless adopts these arguments to preserve his position for the record. See Venue Mot. at 1; Mot. to Dismiss I at 1; Mot. to Dismiss II at 2. The government filed a response in opposition to all three motions. Meacham opted not to file any reply. The motions are now ripe for decision.

## Analysis

### I.  Motion to Transfer Venue

Meacham moves to transfer his trial outside of the District of Columbia, arguing that such transfer is necessary to protect his Fifth and Sixth Amendment right to an impartial jury. Transfer to another venue is constitutionally required only in an "extreme case," Skilling v. United States, 561 U.S. 358, 381 (2010), where "extraordinary local prejudice will prevent a fair trial," id. at 378; see Fed. R. Crim. P. 21(a) (requiring transfer to another district if "so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there"); United States v. Sheppard, Crim. A. No. 21-203 (JDB), 2022 WL 17978837, at *6 (D.D.C. Dec. 28, 2022) (transfer is appropriate "when the population in the original district is so aroused against the defendant and so unlikely to be able objectively to judge the defendant's guilt

or innocence on the basis of the evidence presented at trial that his due process rights will be violated if the case is not transferred" (cleaned up)).  In determining whether a presumption of prejudice arises, courts consider "(1) the size and characteristics of the jury pool; (2) the type of information included in the media coverage; and (3) the time period between the arrest and trial, as it relates to the attenuation of the media coverage." United States v. Brock, 628 F. Supp. 3d 85, 95 (D.D.C. 2022) (citing Skilling, 561 U.S. at 382–84).

Meacham argues that the Skilling factors compel transfer here because "the small size of this district, its many federal employees, the aftermath of January 6, and the political makeup of D.C." present "extreme and rare circumstances," such that "prejudice must be presumed."  Venue Mot. at 15.  But as Meacham notes in his motion, judges in this District, including this Court, have unanimously held that January 6 cases are not "extreme case[s]" warranting mandatory transfer.  See, e.g., Sheppard, 2022 WL 17978837, at *6–7; Brock, 628 F. Supp. 3d at 93–98; United States v. Nassif, 628 F. Supp. 3d 169, 185–88 (D.D.C. 2022); United States v. Rhodes, 610 F. Supp. 3d 29, 56–59 (D.D.C. 2022); United States v. Bochene, 579 F. Supp. 3d 177, 180–82 (D.D.C. 2022); United States v. Garcia, Crim. A. No. 21-129 (ABJ), 2022 WL 2904352, at *6–10 (D.D.C. July 22, 2022).

Meacham has not provided the Court with any facts that distinguish his case from the cases of other January 6 defendants.  Instead, he recites the same general arguments—based on the same general facts—applicable to other January 6 defendants whose materially identical motions have been denied.[1]  The Court now concludes that Meacham, like previous January 6 defendants before this Court, has not met any of the Skilling factors: (1) Washington D.C.'s population of over

---

[1] For example, Meacham relies on the same survey upon which at least two other defendants before this Court have relied.  Compare Ex. 1 to Venue Mot. [ECF No. 24-1], with Ex. 1 to Mot. to Change Venue, United States v. McHugh, Crim. A. No. 21-453 (JBD), ECF No. 55-1, and Mot. to Supp. at 19–43, United States v. Nassif, Crim A. No. 21-421 (JDB), ECF No. 31.

600,000 residents reduces the likelihood of prejudice against Meacham; (2) no pre-trial publicity has been directed specifically at Meacham; and (3) the three years between Meacham's arrest and trial has helped diminish community passions. See Brock, 628 F. Supp. 3d at 95–98. Moreover, "[e]mployment by the federal government is precisely the type of information that [Meacham] may elicit from potential jurors during voir dire." Id. at 95. Accordingly, the Court is satisfied that voir dire can sufficiently remove any potential juror bias or prejudice against Meacham.

## II.     Motion to Dismiss Count One

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) permits a criminal defendant to bring a pre-trial motion to dismiss the indictment against him for "failure to state an offense." In ruling on a motion to dismiss an indictment, a court must assume the truth of the government's proffered facts, United States v. Ballestas, 795 F.3d 138, 149 (D.C. Cir. 2015), and determine only the "legal sufficiency of the indictment," United States v. Montgomery, 578 F. Supp. 3d 54, 58 (D.D.C. 2021). Meacham moves to dismiss Count One of the Indictment on the grounds that 18 U.S.C. § 231(a)(3) is "unconstitutionally vague and overbroad." Mot. to Dismiss I at 1. The Court will first address Meacham's vagueness argument and then move on to his argument that the statute is overbroad.

### A.  Section 231(a)(3) is not unconstitutionally vague.

A criminal statute is void for vagueness when it (1) "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden," United States v. Harriss, 347 U.S. 612, 617 (1954), or (2) "encourages arbitrary and erratic arrests and convictions." Papachristou v. City of Jacksonville, 405 U.S. 156, 162 (1972). Section 231(a)(3) imposes criminal liability on:

> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful

> performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

18 U.S.C. § 231(a)(3).

Meacham contends that § 231(a)(3) is unconstitutionally vague because the statute is "replete with vague and imprecise terms," leads to unpredictable violations, and lacks a scienter requirement. Mot. to Dismiss I at 3–6. Meacham's arguments are "identical to [those] raised and rejected by many district court judges, including this one." Id. at 1. Given the in-depth treatment the Court already afforded to this issue in United States v. McHugh, 583 F. Supp. 3d 1, 23–28 (D.D.C. 2022), the Court will only briefly summarize its reasons for denying Meacham's motion.

Beginning with Meacham's last argument, this Court has held that § 231(a)(3) is a "specific intent statute, criminalizing only acts performed with the intent to obstruct, impede, or interfere with a law enforcement officer." McHugh, 583 F. Supp. 3d at 25. And "[e]ven if the provision was truly silent on the question of mens rea, the Court would still construe it to include a scienter requirement." Id. (citing Elonis v. United States, 575 U.S. 723, 734 (2015)). Nor does the Court agree with Meacham that the statute includes "no standard" to guide enforcement. Mot. to Dismiss I at 3–4. Contrary to Meacham's contention, "there are specific fact-based ways to determine whether a defendant's conduct interferes with or impedes others." Id. at 27 (quoting United States v. Nordean, 579 F. Supp. 3d 28, 57 (D.D.C. 2021)). And because the statute only forbids acts done with criminal intent, a potential defendant has fair notice of § 231(a)(3)'s requirements. See id. at 25–26.

### B. Section 231(a)(3) is not overly broad.

"[A] statute is facially invalid [under the First Amendment] if it prohibits a substantial amount of protected speech," United States v. Williams, 553 U.S. 285, 292 (2008), even if the

6

statute also has "legitimate application," City of Houston v. Hill, 482 U.S. 451, 459 (1987). Meacham argues that § 231(a)(3) violates the First Amendment because it "reaches a substantial amount of constitutionally protected expressive conduct, well in excess of the law's legitimate sweep." Mot. to Dismiss I at 7.  Meacham's argument fails because, as judges in this District have repeatedly held, the plain language of § 231(a)(3) demonstrates that "the statute is directed towards conduct, not speech," Nordean, 579 F. Supp. 3d at 58, and an overbreadth challenge will "[r]arely, if ever . . . succeed against a law or regulation that is not specifically addressed to speech or to conduct necessarily associated with speech," Virginia v. Hicks, 539 U.S. 113, 124 (2003).  Given the combination of the statute's focus on conduct along with its specific-intent element, this Court finds nothing "alarming" about the "breadth" of § 231(a)(3). Mot. to Dismiss I at 6 (quoting United States v. Stevens, 559 U.S. 460, 474 (2010)).

### III.     Motion to Dismiss Counts Five Through Seven

Meacham's third pre-trial motion seeks to dismiss Counts Five, Six, and Seven of the Indictment, which allege violations of 18 U.S.C. § 1752(a)(1), (a)(2), and (a)(4) respectively. Specifically, Meacham argues that his conduct falls outside the scope of § 1752(a) because Vice President Pence was not "temporarily visiting" the Capitol and because the Secret Service did not restrict the Capitol grounds on January 6, 2021.  Mot. to Dismiss II at 5–7.  Meacham recognizes that his arguments "are identical to those that have been litigated and rejected by this Court and others in this District," but he brings this motion to preserve the record on appeal. Id. at 2.

Section 1752 makes it unlawful to, inter alia, "knowingly enter[] or remain[] in any restricted building or grounds," to "knowingly . . . engage[] in disorderly or disruptive conduct in . . . any restricted building or grounds" with the "intent to impede or disrupt the orderly conduct of Government business," or to "knowingly engage[] in any act of physical violence against any

person or property in any restricted building or grounds." 18 U.S.C. § 1752(a)(1), (a)(2), (a)(4). The statute then defines "restricted building or grounds" as:

> [A]ny posted, cordoned off, or otherwise restricted area—
> (A) of the White House or its grounds, or the Vice President's official residence or its grounds;
> (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or
> (C) of a building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Id. § 1752(c)(1).

Meacham first argues that the U.S. Capitol was not a "restricted building or grounds" on January 6, 2021 because Vice President Pence "actually worked at the Capitol Building and grounds," and a person "does not 'temporarily visit' his or her regular workplace." Mot. to Dismiss II at 5. But as this Court explained in McHugh, "[t]he U.S. Capitol is not the Vice President's regular workplace, nor was Vice President Pence's trip to the Capitol on January 6, 2021 analogous to a regular commute to the office." 583 F. Supp. 3d at 35. Like in McHugh, Meacham's arguments do not "sway the Court from the commonsense conclusion, founded on ordinary usage, dictionary definitions, and judicial interpretations, that Vice President Pence was 'temporarily visiting' the Capitol on January 6, 2021." Id.

Meacham then attempts to persuade the Court that the Capitol grounds were not "restricted" on January 6 because § 1752 only permits the United States Secret Service to restrict areas for temporary visits by the President or Vice President. Mot. to Dismiss II at 6. This Court, along with other judges in this District, have rejected that reading of the statute. See McHugh, 583 F. Supp. 3d at 30–32; United States v. Griffin, 549 F. Supp. 3d 49, 53–58 (D.D.C. 2021); United States v. Caldwell, Crim. A. No. 21-28 (APM), at *3–4 (D.D.C. Sept. 14, 2021), ECF No. 415. Meacham relies on the statute's legislative history and authorization, but the statutory language is

8

clear. Section 1752 criminalizes conduct in "any posted, cordoned off, or otherwise restricted area"; it "says nothing about who must do the restricting." McHugh, 583 F. Supp. 3d at 30 (quoting Griffin, 549 F. Supp. 3d at 55). Moreover, reading the statute to include the January 6 Capitol grounds restrictions comports with the statute's "manifest purpose": "to ensure that federal law criminalizes (and thereby deters) misconduct that may threaten a Secret Service protectee." Id. at 31. The Court will thus deny Meacham's motion to dismiss Counts Five, Six, and Seven of the Indictment.

\*   \*   \*

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [24] Meacham's motion to transfer venue is **DENIED**; it is further

**ORDERED** that [25] Meacham's motion to dismiss Count One of the Indictment is **DENIED**; and it is further

**ORDERED** that [26] Meacham's motion to dismiss Counts Five, Six, and Seven of the Indictment is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: February 27, 2024