UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**     : | |
| : | |
| : | No. 1:23-cr-287 (JDB) |
| **v.**     : | |
| : | |
| : | |
| **ODIN MEACHAM**     : | |

### DEFENDANT'S TRIAL BRIEF

The Government has indicted Odin Meacham on eight criminal counts related to alleged events on January 6, 2021. Mr. Meacham, through counsel, respectfully submits these proposed bench instructions for trial.[1]

### PROPOSED SUBSTANTIVE INSTRUCTIONS

**I.**    **Count One: Civil Disorder (18 U.S.C. § 231(a)(3))**

*Elements*

To find Mr. Meacham guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

1) Mr. Meacham committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers;

2) Mr. Meacham did so knowingly;

3) at the time of the actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder; and

4) the civil disorder in any way obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

---

[1] At a status hearing on March 11, 2024, the parties informed the Court that this case would be proceeding by bench trial. The Court ordered the parties to submit trial briefs, specifying that the content should be the equivalent of jury instructions.

1

*Definitions*

> A person acts "knowingly" if he acts voluntarily and intentionally, and not because of mistake or accident.[2]
>
> The term "civil disorder" means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.[3]
>
> The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof; and such term shall specifically include, but not be limited to, the collection and distribution of the United States mails.[4]

Attempt

> In Count One, Mr. Meacham is also charged with attempt to commit the crime of obstructing officers during a civil disorder.
>
> To find Mr. Meacham guilty of attempt to commit the crime of obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, the Court must find that the government proved beyond a reasonable doubt each of the following elements:
>
> 1) Mr. Meacham intended to commit the crime of obstructing, impeding, or interfering with law enforcement lawfully carrying out their official duties incident to a civil disorder, as defined above; and
>
> 2) Mr. Meacham took a substantial step toward committing the crime of obstructing, impeding, or interfering with law enforcement lawfully carrying out their official duties incident to a civil disorder.
>
> A "substantial step" is something beyond mere preparation. A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime. The step must be a strong indication of the defendant's criminal intent,

---

[2] Tenth Circuit Pattern Criminal Jury Instruction 1.37, 2021 Edition, *available at* https://www.ca10.uscourts.gov/form/criminal-pattern-jury-instructions.

[3] 18 U.S.C. § 232(1).

[4] 18 U.S.C. § 232(3).

and must unequivocally mark the defendant's acts as criminal. It should demonstrate commitment to the crime charged.[5]

## II. Counts Two and Three: Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon (18 U.S.C. § 111(a)(1) and (b))

*Elements*

To find Mr. Meacham guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

1) Mr. Meacham forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with [_____], [an officer from the Metropolitan Police Department/member of the United States Capitol Police];

2) Mr. Meacham acted intentionally;

3) the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, that is [____], was an officer or employee of the United States then engaged in the performance of their official duties, or was assisting an officer or employee of the United States then engaged in the performance of their official duties; and

4) Mr. Meacham used a deadly or dangerous weapon, a [_____].

*Definitions*

An object is a "deadly or dangerous weapon" if it is capable of causing serious bodily injury or death to another person and Mr. Meacham used it in that manner. In determining whether the object is a "deadly or dangerous weapon," the Court may consider both physical capabilities of the object used and the manner in which the object was used.[6]

The term "serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.[7]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to commit the assault. A finding that one used force, or attempted or threatened to use it, is not the same as a finding that he

---

[5] Tenth Circuit Pattern Criminal Jury Instruction 1.32.

[6] *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002).

[7] 18 U.S.C. § 113(b)(2); U.S.C. § 1365(h)(3); *United States v. Peter Schwartz et al.,* No. 21-cr-178 (APM), Final Jury Instructions, ECF No. 172 at 16.

attempted or threatened to inflict injury.  In order to find that Mr. Meacham committed an "assault," the Court must find beyond a reasonable doubt that Mr. Meacham acted forcibly and that Mr. Meacham intended to inflict or intended to threaten injury.[8]

A person acts "forcibly" if he used force, attempted to use force, or threatened to presently use force against the federal officer. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.[9]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" have their everyday, ordinary meanings.

### III. Count Four (and Lesser Included Offense of Counts Two and Three): Assaulting, Resisting, or Impeding Certain Officers (18 U.S.C. § 111(a)(1))

*Elements*

To find Mr. Meacham guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

1) Mr. Meacham forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with  [_____], [an officer from the Metropolitan Police Department/member of the United States Capitol Police];

5) the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, that is [____], was an officer or employee of the United States then engaged in the performance of their official duties, or was assisting an officer or employee of the United States then engaged in the performance of their official duties; and

2) Mr. Meacham acted intentionally; and

3) Mr. Meacham made physical contact with [the federal officer], or acted with the intent to commit another felony.  For purposes of this element, "another felony" refers to the offense charged in Count [_____].

*Definitions*

The term "forcibly" has the same meaning as in Count 2 and 3.

The acts proscribed by the offense – assault, resist, oppose, impede, intimidate, and interfere with – each require an underlying simple assault. Simple assault means any intentional attempt or threat to inflict injury upon someone else, when coupled with an

---

[8] *Id.* at 15.

[9] Tenth Circuit Pattern Criminal Jury Instruction 2.09.

apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury. Thus, in addition to finding beyond a reasonable doubt that the defendant acted forcibly, the Court must also find that the defendant intended to inflict or intended to threaten injury.[10]

## IV. Count Five: Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (18 U.S.C. § 1752(a)(1) and (b)(1)(A))

*Elements*

To find Mr. Meacham guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

1) Mr. Meacham entered or remained in a restricted building or grounds without lawful authority to do so;

2) Mr. Meacham did so knowingly; and

3) Mr. Meacham used or carried a deadly and dangerous weapon, a [_____], during and in relation to the offense.

*Definitions*

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President.

A person acts "knowingly" if he acts voluntarily and intentionally, and not because of mistake or accident.[11]  For this count, the government must prove that Mr. Meacham knew that he had entered or remained in what he knew to be a restricted building or grounds and that he knew that he did not have lawful authority to enter that area. It is insufficient for the government to prove that Mr. Meacham merely knew that the area he entered or remained in was restricted in the colloquial sense. The government must instead prove that (A) Mr. Meacham knew that the area was posted, cordoned off, or

---

[10] Tenth Circuit Pattern Criminal Jury Instruction 2.09. The defense submits that an assault is always a necessary element for an offense under Section 111(a), whether it be Section 111(a)'s misdemeanor offense or either of Section 111(a)'s felonies.  Please see the legal argument section below for further discussion.

[11] Tenth Circuit Pattern Criminal Jury Instruction 1.37.

5

otherwise restricted and (B) Mr. Meacham knew that Vice President was or would be temporarily visiting the area.[12]

A person who enters or remains in a restricted area with a good faith belief that he is entering or remaining with lawful authority is not guilty of this crime.[13]

The term "deadly or dangerous weapon" has the same definition as in Counts Two and Three.

V. **Count Six: Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (18 U.S.C. § 1752(a)(2) and (b)(1)(A))**

*Elements*

To find Mr. Meacham guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

1) Mr. Meacham engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

2) Mr. Meacham did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

3) Mr. Meacham's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions; and

4) Mr. Meacham used or carried a deadly and dangerous weapon, a [_____], during and in relation to the offense.

---

[12] *United States v. Elizalde,* No. 23-cr-170 (CJN), Final Bench Instructions, ECF No. 40 at 1-2; *see also* Memorandum Opinion, ECF No. 39 (holding that the government must prove beyond a reasonable doubt that defendant knew (1) that the U.S. Capitol and its grounds were "posted, cordoned off, or otherwise restricted" and (2) that a "person protected by the Secret Service" (here, the then-Vice President) "[was or [would] be temporarily visiting."). For additional discussion, see the defense's legal argument in the following section.

[13] *United States v. Strand*, No. 21-cr-85 (CRC), Final Jury Instructions, ECF 112 at 17.

*Definitions*

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances. It includes behavior that, under the circumstances, tends to disturb the public peace, offend public morals, or undermine safety.[14]

"Disruptive conduct" is a disturbance that interrupts the normal business or orderly conduct of an event, public activity, or gathering.[15]

The terms "restricted building or grounds" and "knowingly" have the same meanings and relationship as in the instructions for Count Five.

The term "deadly or dangerous weapon" has the same definition as in Counts Two and Three.

## VI. Count Seven: Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (18 U.S.C. § 1752(a)(4) and (b)(1)(A))

*Elements*

To find Mr. Meacham guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

1) Mr. Meacham engaged in an act of physical violence against a person or property in a restricted building or grounds;

2) Mr. Meacham did so knowingly; and

3) Mr. Meacham used or carried a deadly or dangerous weapon, a [_____], during and in relation to the offense.

*Definitions*

The term "act of physical violence" means any act involving an assault or other infliction of death or bodily harm on an individual, or damage to, or destruction of, real or personal property.[16]

The terms "restricted building or grounds" and "knowingly" have the same meanings and relationship as in the instructions for Count Five.

---

[14] *United States v. Alford*, 89 F.4th 943, 949-50 (D.C. Cir. 2024).

[15] *United States v. Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF No. 122 at 38.

[16] *United States v. Peter Schwartz et al.,* No. 21-cr-178 (APM), Final Jury Instructions, ECF No. 172 at 29.

The term "deadly or dangerous weapon" has the same definition as in Counts Two and Three.

### VII. **Count Eight**: Act of Physical Violence in the Capitol Grounds or Building (40 U.S.C. § 5104(e)(2)(F))

*Elements*

To find Mr. Meacham guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

1) Mr. Meacham engaged in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings; and

2) Mr. Meacham acted willfully and knowingly.

*Definitions*

The term "act of physical violence" has the same meaning as in Count Seven.

The term "United States Capitol Grounds" includes all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8. The West Terrace, including the Lower West Terrace, is part of the "United States Capitol Grounds."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[17]

The term "knowingly" has the same meaning as in Count One.

## LEGAL ISSUES

### I. For the 1752 counts, the Government must prove that Mr. Meacham knew that then-Vice President Mike Pence was temporarily visiting the Capitol.

The mens rea element of § 1752 has been the subject of active litigation in this courthouse. At issue is what the government must prove about what a defendant knew about the Capitol on

---

[17] *Id*. at 30.

January 6.  The defense submits that, for all three 1752 counts, the government must prove that a defendant knew an area was "restricted" as that term is statutorily defined – that is, that a defendant knew both that 1) the area was "posted, cordoned off, or otherwise restricted" *and* 2) a "person protected by the Secret Service" (here, then-Vice President Pence) "[was] or [would] be temporarily visiting." *See* 18 U.S.C. § 1752(c)(1).

The 1752 counts charged against Mr. Meacham all prohibit various conduct in "restricted buildings or grounds." This term is a central to the charges.  Congress has set forth two requirements for an area to qualify as a "restricted building or grounds": 1) it must be a posted, cordoned off, or otherwise "restricted area"; and 2) it must fall into one of three categories – (A), (B), or (C) – that Congress has identified as warranting special protection, one of which is that a Secret Service protectee is visiting. § 1752(c).

The three charged counts of 1752 also have a mens rea element: sections (a)(1), (a)(2), and (a)(4) all start with the scienter requirement that a defendant act "knowingly."  But the extent to which that mens rea reaches has divided the courthouse.  Does it apply only to the first half of the "restricted building or grounds" definition, that a defendant need only know that the area is "posted, cordoned off, or otherwise restricted," as some courts have held?[18]   Or does "knowingly" modify the entire statutory definition of "restricted building or grounds," including one of the three conditions under the statutory definition, as have others?[19]

---

[18] *See, e.g.*, *United States v. Griffin*, No. 21-cr-92 (TNM), ECF No. 106, at 330–32 (appeal pending in the D.C. Circuit); *United States v. Eicher*, No. 22-cr-38 (BAH), June 14, 2023 Trial Tr. at 8; *United States v. Vo*, No. 21-cr-509 (TSC), Sept. 22, 2023 Trial Tr. at 1199–1200; *United States v. Carnell*, No. 23-139 (BAH), Feb. 15, 2024 (the USSS-protectee requirement is jurisdictional only).

[19] *See, e.g.*, *United States v. Hostetter*, No. 21-cr-392 (RCL), 2023 WL 4539842 (D.D.C. July 13, 2023); *United States, v. Elizalde*, No. 23-cr-170 (CJN), 2023 WL 8354932 (D.D.C. Dec. 1, 2023), *United States v. Groseclose* (CRC), 2024 WL 68248 (D.D.C. Jan. 5, 2024); *United States v. Samsel, et al.*, No. 21-cr-537 (JMC) (Feb. 2, 2024) (reversing previous provisional decision and

The latter group has the better view. The defense asks this Court to join them. As the Supreme Court has explained, as "a matter of ordinary English grammar, we normally read the statutory term 'knowingly' as applying to all the subsequently listed elements of the crime." *Rehaif v. United States*, ––– U.S. ––––, 139 S. Ct. 2191, 2196, 204 L.Ed.2d 594 (2019) (quotation marks omitted). The "knowing" requirement thus applies to the statutory term of "restricted building or grounds." The statute makes clear there are *two* parts of this definition: that it was posted or cordoned off, *and* that it was a place where a person protected by the Secret Service was temporarily visiting. It makes no sense to apply the "knowing" requirement to just the first half of this definition. As Judge Cooper explained in *United States v. Groseclose*:

> "[R]estricted building or grounds" is a term of art in the statute. When §§ 1752(a)(1) and (a)(2) criminalize conduct within a "restricted building or grounds," they are only prohibiting actions occurring within an area that satisfies the entirety of § 1752(c)'s definition for that element. This is obvious when it comes to the statute's act element. As noted above, the government acknowledges that it must show that Groseclose unlawfully entered a "restricted building or grounds." To do so, it must prove both that the Capitol was "posted, cordoned off, or otherwise restricted" and that Vice President Pence was present at the Capitol that day. From a purely textual standpoint, what is true of the act element is equally true of the mens rea requirement. For a defendant to have known that the area he entered was a "restricted building or grounds," it is not enough that he knew the area was cordoned off. A barn and cornfield surrounded by a posted fence may be "restricted" in the quotidian sense, but they are not a "restricted building or grounds" under a plain reading of the statute. More is required. Namely, a defendant must have known that both parts of the statutory definition were met— that he was entering a "posted cordoned off, or otherwise restricted area ... of a building or grounds where [a] person protected by the Secret Service [was] temporarily visiting."

2024 WL 68248, at *3 (D.D.C. Jan. 5, 2024) (internal citation omitted). The defense asks this Court to follow suit and hold that the Government must prove that Mr. Meacham knew both aspects of the statutory definition of a "restricted building or grounds."

---

holding that the knowledge requirement extends to having to know the protected individual's presence in a restricted area).

## II. Assault is a necessary element for an offense under Section 111(a), whether it be Section 111(a)'s misdemeanor offense or the felonies.

To convict Mr. Meacham under section 111(a), the government must prove beyond a reasonable doubt that some assaultive conduct occurred. Even if the Court finds that Mr. Meacham committed any of the other actions in the list – resisting or interfering, for example – the Court cannot convict under 111(a) unless it also finds that Mr. Meacham attempted or threatened to injure the officer. *See United States v. Wolfname*, 835 F.3d 1214, 1220 (10th Cir. 2016) ("[T]he district court erred in failing to instruct the jury that, to convict [the defendant] of resisting or interfering with [the officer], it had to find that [the defendant] attempted or threatened to injure him."). This is confirmed by the text of the statute, its structure, and persuasive case law.

With respect to the text, section 111(a) delineates two offenses. First, where the "acts in violation of this section constitute only simple assault," the offense is a misdemeanor punishable by a fine and/or imprisonment of not more than one year. 18 U.S.C. § 111(a). The phrase "acts in violation of this section" in the misdemeanor penalty provision refers to the acts of assaulting, resisting, opposing, impeding, and interfering. The plain language therefore provides that, in order to be a misdemeanor, any of those acts must constitute simple assault. Thus, it is unquestionable that, in order to be convicted of a misdemeanor under any one of section 111(a)'s actus reus verbs, Mr. Meacham must be found guilty of an assault and, in particular, a simple assault.

Second, the statute sets forth the elements of a felony conviction under section 111(a). Here, the description of the misdemeanor is relevant. As noted, it is a misdemeanor under section 111(a) if the defendant's actions constitute "*only* simple assault." § 111(a) (emphasis added). The inclusion of the word "only" sets off the misdemeanor from a felony and underscores that a felony

conviction requires more than simple assault. If the assault is only a simple assault, then the offense is a misdemeanor, but if it is more than a simple assault, it is a felony.

This requirement that a felony conviction involve an assault is further confirmed by the language describing the additional requirements for a felony in the penalty provision of section 111(a). Namely, to commit a felony, defendant's actions must "involve physical contact with the victim of *that assault* or intent to commit another felony" *Id*. (emphasis added). Together with the use of the words "only simple assault" to describe a misdemeanor, this explicit reference in the felony version back to the "simple assault" confirms that both the misdemeanor and felony offenses under section 111(a) share assault as an element. *See United States v. Chapman*, 528 F.3d 1215, 1221 (9th Cir. 2008) (the "use of the word 'assault' in the description of both misdemeanors and felonies" in the 2008 amendment" strongly suggests that an assault is required for a section 111(a) conviction).

The statute's structure also confirms that a felony 111(a) conviction requires an assault. "[F]or [a] statute to be constitutional, it must draw a line between that conduct which constitutes a misdemeanor offense and that which constitutes a felony." *Chapman*, 528 F.3d at 1220 (*citing United States v. Batchelder*, 442 U.S. 114, 123 (1979) ("[V]ague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute.")). "Moreover, this line must be sufficiently clear that a reasonable person would be put on notice of the potential criminality of his conduct." *Id.* (citing *Batchelder*, 442 U.S. at 123). In order for section 111(a) to meet this constitutional requirement, it must be construed to require an assault for either a misdemeanor or a felony. For example, to hold that a misdemeanor does not require an assault, even though the statute says it does, would fail to give a reasonable person notice that they may be criminally liable for an action that does not involve at least a simple

assault. And if a misdemeanor required an assault but a felony did not, the statute perversely would provide for a misdemeanor for a defendant who commits a simple assault on a federal officer while resisting, opposing, impeding, or interfering with the officer's duties but a felony if the resisting, opposing, impeding, or interfering did not involve an assault. For example, if a defendant resisting arrest by a federal officer made the unfortunate decision to punching an officer but missed (a simple assault), he would receive a misdemeanor, but if he controlled his urge and refrained from swinging his fist at the officer and attempting to injure him, he would be guilty of a felony for the exact same resistance.

Lastly, this interpretation is confirmed by persuasive case law. Most recently, the Tenth Circuit in *Wolfname* held that "the government must prove assault when it alleges a defendant violated § 111(a)(1) by resisting, opposing, impeding, intimidating, or interfering with—rather than assaulting—an officer." 835 F.3d at 1218. *See also United States v. Kendall*, 876 F.3d 1264, 1270 (10th Cir. 2017) ("Although one can violate § 111 in a number of ways—by assaulting, resisting, opposing, impeding, intimidating, or interfering with a designated official—every conviction under § 111 requires an assault."). The Ninth Circuit has agreed with the Tenth Circuit's approach. *See Chapman*, 528 F.3d at 1221 (holding that convictions under section 111 "require at least some form of assault").

Granted, notwithstanding the text and structure of the statute, some circuit courts have disagreed that a conviction under section 111 requires an assault. *See, e.g., United States v. Stands Alone*, 11 F.4th 532 (7th Cir. 2021); *United States v. Briley*, 770 F.3d 267, 272 (4th Cir. 2014); *United States v. Williams*, 602 F.3d 313, 318 (5th Cir. 2010); *United States v. Gagnon*, 553 F.3d 1021 (6th Cir. 2009). While the D.C. Circuit has not yet addressed this issue, two district courts have: first Judge Moss in *United States v. Cua*, 657 F.Supp.3d 106 (D.D.C. 2023), and then Judge

Friedman in *United States v. Warnagiris*, No. 21-cr-382, 2023 WL 6926491 (D.D.C. Oct. 19, 2023). Both found that assault is a necessary element for Section 111(a)'s misdemeanor offense and for the physical-contact felony offense, but not for the other-felony offense.

Nonetheless, the defense asks the Court to follow the Ninth and Tenth Circuits. To convict Mr. Meacham under section 111(a), the government must prove that he committed the conduct with an attempt or threat to injure the officer. The defense asks the Court to instruct itself consistent with the Tenth Circuit pattern instruction proposed above.[20]

                              Respectfully Submitted on May 15, 2024.

By:       /s/ Emily Stirba
       Emily Stirba
       Assistant Federal Public Defender
       Federal Public Defender
       District of Utah
       46 West Broadway, Ste. 110
       Salt Lake City, UT 84101
       Telephone: (801) 524-4010
       Email: emily_stirba@fd.org

---

[20] The defense maintains that, consistent with Tenth Circuit case law, assault is a necessary element for offenses under 111(a) *and* 111(b) – which would require the Court to find an intent to inflict or threaten injury for all three assault counts charged in the indictment (Counts 2 through 4). The defense thus asks the Court to apply this requirement to Counts 2 and 3 as well as 4. However, the defense acknowledges D.C. Circuit case law indicating that 111(b) does not require the government to prove an assault. *See United States v. Arrington*, 309 F.3d 40, 46 (D.C. Cir. 2002) ("Conviction requires both the intent to commit one of the acts specified in § 111(a), and the intent to use the object that constitutes the deadly weapon."). The defense objects to this holding, and submits that the D.C. Circuit is wrong on this point. However, in light of this precedent, and without waiving its objection, the defense has submitted above an alternative instruction for Counts 2 and 3.